FELICE JOHN VITI, Acting United States Attorney (#7007)
SIRENA MILLER WISSLER, Assistant United States Attorney (#7450)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BRYAN WALTER McMAHAN, <br><br> Defendant. | Case No. 1:24-CR-0011 <br><br> **STIPULATED MOTION FOR PROTECTIVE ORDER ON DISCOVERY** <br><br> Magistrate Judge Cecilia M. Romero |

The United States of America, by and through the undersigned Assistant United States Attorney, hereby moves this Court to enter a sealed protective order on the discovery in this matter. This motion is based upon the following grounds:

On February 21, 2024, a duly empaneled Grand Jury returned an Indictment charging the defendant, BRYAN WALTER McMAHAN, with Distribution of Fentanyl Resulting in Death in violation of 21 U.S.C. § 841(a)(1). (ECF 1). The Indictment alleges that the death of Person 1, a person whose identity is known to the defendant, resulted from the use of the fentanyl distributed by Mr. McMAHAN.

Many months ago, the government produced discovery to counsel for Mr. McMAHAN. (ECF 20). This discovery includes detailed information regarding the post-mortem examination conducted upon Person 1, as well as the Medical Examiner's conclusion regarding the cause of Person 1's death. Naturally, this information is highly personal and its disclosure is ordinarily prohibited by various Federal and/or State laws. However, this information is also directly relevant to an essential element of the offense charged and, potentially, to any number of defenses Mr. McMAHAN might assert.

On July 30, 2025, undersigned counsel for the United States met with Scott Williams, counsel for Mr. McMAHAN. During the meeting, Mr. Williams requested that the United States provide him an unredacted copy of the discovery. Based on the sensitive nature of the medical information contained therein, the United States has agreed to produce unredacted discovery. Recognizing the need to balance Mr. McMAHAN's interest in unredacted discovery against the potentially inadvertent or inappropriate dissemination of these materials, the parties have agreed that heightened protections are appropriate and necessary, and agreed to the entry of a protective order. The terms of the order would include an absolute prohibition against Mr. McMAHAN (or anyone else) receiving a copy of the discovery. Not only would the entry of such an order protect against the unauthorized dissemination of the discovery materials, it would enable the United States to produce the discovery in unredacted form. In view of the parties' agreement, the United States moves for entry of a protective order including the following terms:

a. All materials the government produces to the defense is solely for the use of the defendant, his respective attorneys, and other individuals or entities (including investigators hired by the defense team) acting within the attorney-client relationship to prepare for trial in this case. The purpose of the requested protective order is to prevent the unauthorized dissemination, distribution, or use of provided materials.

b. Access to discovery materials shall be strictly limited to use in pretrial preparation and official judicial proceedings specifically involving the pending criminal case of the above-named defendant in the United States District Court, District of Utah, to include any appeal. Defendant shall be permitted to *read* or *review* the *Jencks Act*, Rule 26.2, and Rule 16 material; however, carefully balancing the requirements set forth in Federal Rule of Criminal Procedure Rule 16 and *Brady v. Maryland* against the distinct need to protect the community safety (including the safety of the defendant and other individuals referenced in the produced materials), **the defendant shall not be permitted to retain any physical copies of materials produced by the government**. This includes hard copies and information provided via electronic methods, such as a tablet.[1] Such material shall remain at all times in the custody and control of the attorney(s) for the defendant, a professional defense investigator working with the defense attorney(s), or a confidential assistant employed by the defense attorney(s). No such information shall be provided, in

---

[1] The parties have anticipated and discussed the potential need for these provisions to be modified in the future. However, the parties agree it is currently an appropriate measure to restrict the defendant's access to the produced materials to ensure public safety, including that of the defendant.

hard-copy or electronic format, to the defendant, any member of any defendant's family, or any other person, notwithstanding any such person's status as an attorney, paralegal, investigator, or legal assistant. *Jencks Act* material, including photographs of any persons cooperating with law enforcement, shall not be entrusted to the exclusive custody of the defendant, any family member of the defendant, or any person on the defendant's behalf with the exception of his counsel-of-record. Custody of records containing personal identifying information or witnesses be disclosed to defense counsel, such as NCIC reports relating to witnesses, shall be maintained in the same fashion.

  c. Produced materials shall be stored in a manner consistent with the terms of this protective order. Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files, or folders marked "UNDER PROTECTIVE ORDER – DO NOT DISCLOSE." Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

  d. Defendant, his attorneys, and all other individuals or entities who receive material in this case are required to give a copy of the protective order to all individuals or entities engaged or consulted by defense counsel in preparation of trial in this case. A knowing and willful violation of this protective order by defendant, his attorneys, or others may result in contempt of court proceeding or other civil or criminal sanctions.

  e. Defense counsel shall maintain the confidential and privileged nature of the discovery following the conclusion of the case and all documents produced pursuant to the

protective order, and all copies thereof (other than exhibits of the Court) shall be maintained in secured storage or destroyed in the ordinary course of business and shall notify the United States Attorney's office in writing that all such copies have been destroyed.

    f.    The provisions of this order governing disclosure and use of the documents shall not terminate at the conclusion of this criminal prosecution.

## CONCLUSION

Based upon the foregoing, the United States respectfully requests the Court enter a sealed protective order as to all discovery previously and hereafter produced in the instant case.

DATED this 18th day of August, 2025.

FELICE JOHN VITI
Acting United States Attorney

/s/ Sirena Miller Wissler
SIRENA MILLER WISSLER
Assistant United States Attorney